IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

PETER WASKO,

               Plaintiff,

vs.                                                                                    Civ. No. 03-910 JCH/WDS

JOHNNY GONZALES,

               Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on an April 15, 2005, hearing held pursuant to an Order to Appear and Show Cause, filed March 2, 2005 **[Doc. No. 33]** ("Order to Show Cause"). The Court issued the Order to Show Cause in response to Plaintiff's Motion for Defendant's Contempt on the Court with Sanctions **[Doc. No. 28]** ("Motion for Sanctions") and Plaintiff's motion seeking an order granting the relief requested in the Motion for Sanctions **[Doc. No. 29]** ("Second Motion for Sanctions"). At the Order to Show Cause hearing, defense counsel Edward Benavidez appeared on behalf of Defendant and Plaintiff appeared *pro se*. Defense counsel and Plaintiff presented argument before the Court. The Court having considered both motions for sanctions, the relevant law, and the argument of defense counsel and Plaintiff, and being otherwise fully informed, finds that the Motion for Sanctions and Second Motion for Sanctions are well taken in part and will be granted in part.

## BACKGROUND

On June 17, 2004, Plaintiff filed a Motion to Compel Answers to Interrogatories **[Doc. No. 25]** ("Motion to Compel"). The record indicates that Defendant did not respond to the Motion to

Compel.

On November 10, 2004, Magistrate Judge Schneider issued an order granting Plaintiff's Motion to Compel and ordering Defendant to answer Plaintiff's interrogatories no later than November 22, 2004 **[Doc. No. 27]** ("November 10, 2004, Order").  The record indicates that Defendant did not timely comply with the November 10, 2004, Order.

On December 10, 2004, Plaintiff filed his Motion for Sanctions seeking $10,000.00 in sanctions for Defendant's failure to comply with the November 10, 2004, Order.  The record indicates that Defendant did not respond to the Motion for Sanctions.

On January 10, 2005, Plaintiff filed his Second Motion for Sanctions stating that Defendant failed to respond to the Motion for Sanctions, and asking the Court to deem the Motion for Sanctions unopposed and grant the relief requested therein.  The record indicates that Defendant did not respond to the Second Motion for Sanctions.

On January 24, 2005, Magistrate Judge Schneider filed a Report and Proposed Recommendation **[Doc. No. 30]** ("Report and Recommendation"), recommending that the Court grant the Motion for Sanctions and enter judgment on liability against Defendant based upon his failure to comply with discovery requirements and his disobedience of the November 10, 2004, Order. The Report and Recommendation granted Defendant ten days from the date of the Report to file objections.  The record indicates that Defendant did not file objections to the Report and Recommendation.

On March 2, 2005, the Court issued the Order to Show Cause requiring Defendant to appear before the Court and show cause why the Court should not sanction Defendant for his failure to

comply with discovery requirements and the November 10, 2004, Order. On April 15, 2005, defense counsel, without his client, and Plaintiff appeared in response to the Order to Show Cause and presented argument before this Court.

At the hearing, defense counsel indicated that the failure to produce the discovery responses and/or the failure to comply with the November 10, 2004, Order occurred as a result of certain filing errors. Defense counsel stated that he represents Defendant in five matters, one in Municipal Court, two in New Mexico District Court, one in the U.S. Supreme Court, and one in this Court, brought by Plaintiff, and that certain paperwork inadvertently was filed in the incorrect file. Defense counsel indicated that he has been defending Defendant against various lawsuits brought by Plaintiff for three years. According to defense counsel, Plaintiff is a prolific writer, and defense counsel has received regular mail, on a weekly basis, from Plaintiff.

Defense counsel stated that on December 2, 2004, he did transmit via facsimile responses to Plaintiff's interrogatories. Defendant did not comply with November 22, 2004, deadline set forth in the November 10, 2004, Order because defense counsel did not timely receive Defendant's signature page for the interrogatory answers.

On December 2, 2004, defense counsel faxed the discovery responses to the facsimile number for First State Bank, which was a facsimile number that Plaintiff had used to fax correspondence to defense counsel in one of his state district court matters. Defense counsel stated that he was in possession of a facsimile confirmation verifying this transmission. Defense counsel indicated that he had spoken with an officer at First State Bank, and that the officer informed him that Plaintiff had permission to send and receive facsimiles at First State Bank. Plaintiff stated that the fax number at

First State Bank was not a viable facsimile number for him, and that he did not receive the interrogatory responses.

Upon the Court's request, defense counsel provided Plaintiff with a copy of Defendant's interrogatory responses at the April 15, 2005, hearing. Plaintiff had not received a copy of Defendant's interrogatory responses prior to that time.

Defense counsel attempted to fax to this Court certain responses. A clerk employed by defense counsel, however, mistakenly sent the responses to state district court instead of this Court. State district court did not alert defense counsel to the error.

Defense counsel indicated that when he received the Court's Order to Show Cause in early March 2005, he began to research the history of the case and became aware of his office's internal filing mistakes.

Although defense counsel was on notice of his failure to provide Plaintiff with discovery responses and his failure to comply with the November 10, 2004, Order in early March 2005, defense counsel did not provide Plaintiff with Defendant's discovery responses until the Court instructed him to do so at the Order to Show Cause hearing on April 15, 2005.

## DISCUSSION

In his motions for sanctions, Plaintiff asks the Court to sanction Defendant in the amount of $10,000.00. Specifically, Plaintiff requests that the Court sanction Defendant $5,000.00 for his violation of the November 10, 2004, Order, and $5,000.00 to deter and punish Defendant and to compensate Plaintiff for his damages, including emotional distress. In his Report and Recommendation, Magistrate Judge Schneider recommends that the Court grant Plaintiff's Motion

for Sanctions and enter judgment on liability against Defendant based upon his failure to comply with discovery requirements and his disobedience of the November 10, 2004, Order.

Federal Rule of Civil Procedure 37(b)(2) provides in relevant part that "[i]f a party . . . designated under Rule . . . 31(a) to testify on behalf of a party fails to obey an order to provide or permit discovery, including an order made under subdivision (a) of this [Rule 37], the court in which the action is pending may make such orders in regard to the failure as are just."  Rule 37(b)(2) further provides that such orders may include, "among others . . . [a]n order . . . rendering a judgment by default against the disobedient party," or an order "requir[ing] the party failing to obey the order or the attorney advising that party or both to pay the reasonable expenses,  including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expense unjust."  *See also* Fed. R. Civ. P. 37(d) (authorizing same sanctions as Rule 37(b)(2) if a party fails to serve answers to interrogatories).

This Court understands that filing and other errors happen during the practice of law.  The Court further understands that such errors are more likely to occur in a case like this, where, over the course of three years, counsel has defended his client against five different cases brought by Plaintiff in four different courts and defense counsel has been bombarded with mail from Plaintiff on a weekly basis.  Because the Court is sympathetic to the unique circumstances of this case, the Court believes the requested sanction of $10,000.00 is excessive and inappropriate.  To preserve the spirit and intent of the Federal Rules of Civil Procedure, however, the Court does sanction defense counsel $500.00 for his failure to comply with discovery requirements and the November 10, 2004, Order.

## CONCLUSION

For the foregoing reasons, **IT THEREFORE IS ORDERED** that Plaintiff's Motion for Sanctions **[Doc. No. 28]** and Second Motion for Sanctions **[Doc. No. 29]** shall be granted in part and defense counsel shall be sanctioned $500.00 for his failure to comply with discovery requirements and the November 10, 2004, Order.

**IT FURTHER IS ORDERED** that defense counsel pay the $500.00 sanction directly to the Court; funds should be made payable to the Clerk of the Court and payment should be mailed or hand delivered to the Clerk's Office located at 333 Lomas Boulevard, N.W., Albuquerque, New Mexico 87102.

Dated this 27th day of April 2005.

JUDITH C. HERRERA
UNITED STATES DISTRICT JUDGE

Attorney for Plaintiff:
    Peter Wasko, *pro se*

Attorney for Defendant:
    Edward F. Benavidez, Esq.