IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

PETER WASKO,

               Plaintiff,

vs.                                                      Civ. No. 03-910 JCH/WDS

JOHNNY GONZALES,

               Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant's Motion for Summary Judgment, filed May 12, 2005 **[Doc. No. 38]**. The Court having considered the motion, briefs, and relevant law, and being otherwise fully informed, finds that the motion is well taken and will be granted in its entirety.

## BACKGROUND

In his complaint, Plaintiff alleges that he was working on a fence entirely on his property, when Defendant Gonzales demanded that Plaintiff stop. *See* Compl. p. 2. Plaintiff further alleges that Defendant Gonzales assaulted and battered Plaintiff. *See id.* Plaintiff alleges that he suffered injuries as a result of the assault and battery. *See id.*

Thereafter, Plaintiff alleges that he filed suit in New Mexico State District Court seeking damages for assault and battery. *See id.* pp. 2-3. Defendant apparently filed a counterclaim, seeking damages for invasion of privacy. *See id.* p. 2. Plaintiff alleges that he obtained a temporary restraining order against Defendant, as well as a temporary injunction. *See id.* pp. 2-3. According to Plaintiff's allegations, the state court heard the assault, battery, and invasion of privacy claims at

the same time it conducted a hearing on the temporary injunction. *See id.* p. 3. Plaintiff alleges that the state court found in Plaintiff's favor on all claims. *See id.* According to Plaintiff, although the state court instructed Defendant's attorney to prepare an order reflecting its decision in Plaintiff's favor, defense counsel failed to comply with the court's order. *See id.*

Although the state court granted Plaintiff a temporary injunction, it ultimately denied Plaintiff's request for a permanent injunction. *See id.* The state court apparently instructed Defendant's attorney to prepare a form of judgment. *See id.* Plaintiff alleges, but does not provide any facts in support of his allegations, that Defendant's attorney prepared the judgment ambiguously, and that the judgment could be interpreted as a denial of relief with respect to the entire case, including the assault and battery claims upon which Plaintiff maintains he prevailed. *See id.* Thereafter, the state court signed and filed the judgment prepared by Defendant's counsel. *See id.*

Plaintiff contends that the foregoing facts "are all true with damages filed and should have been ruled upon as such." Initial Pretrial Report, p. 2, *cited in* Plaintiff's Response to Defendant's Motion for Summary Judgment. Plaintiff further maintains that "[t]he decision was made under the color of state law, violating Plaintiff's civil rights of [d]ue [p]rocess of [l]aw and [e]qual [p]rotection under the [l]aw p[ur]suant to 42 U.S.C. Sec[tion] 1983." *See id.*

## STANDARD

Summary judgment generally is appropriate when a court determines that "'there is no genuine dispute over a material fact and the moving party is entitled to judgment as a matter of law.'" *Thrasher v. B & B Chem. Co.*, 2 F.3d 995, 996 (10th Cir. 1993) (citation omitted). Under Rule 56(c), "the mere existence of *some* alleged factual dispute between the parties will not defeat

an otherwise properly supported motion for summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). Rather, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.* at 248.

To carry its initial burden, the moving party need not negate the nonmoving party's claim. *See Allen v. Muskogee*, 119 F.3d 837, 840 (10th Cir. 1997), *cert. denied sub nom. Smith v. Allen*, 522 U.S. 1148 (1998). "'Instead, the movant only bears the initial burden of 'showing'--that is, pointing out to the district court--that there is an absence of evidence to support the nonmoving party's case.'" *Id.* (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). When the moving party does not bear the ultimate burden of persuasion at trial, it may satisfy its burden at the summary judgment stage by identifying "a lack of evidence for the non movant on an essential element of the non movant's claim." *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 ( 10th Cir. 1998). "Failure of proof of an essential element renders all other facts immaterial." *Koch v. Koch Indus., Inc.*, 203 F.3d 1202, 1212 (10th Cir. 2000).

Once the moving party meets its burden, and if "the nonmoving party will bear the burden of proof at trial on a dispositive issue, that [nonmoving] party must go beyond the pleadings and designate specific facts so as to make a showing sufficient to establish the existence of an element essential to that party's case in order to survive summary judgment." *McKnight v. Kimberly Clark Corp.*, 149 F.3d 1125, 1128 (10th Cir. 1998) (quotations omitted). A plaintiff cannot rely upon conclusory allegations or contentions of counsel to defeat summary judgment but rather must produce some specific factual support of its claim. *See Pueblo v. Neighborhood Health Centers, Inc.*, 847 F.2d 642, 649 (10th Cir. 1988); *Fritzsche v. Albuquerque Municipal Sch. Dist.*, 194 F.

Supp. 2d 1194, 1206 (D.N.M. 2002). "Where the record taken as a whole could not lead a rational

trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita Elec.*

*Indus. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citation omitted).

Upon a motion for summary judgment, a court "must view the facts in the light most

favorable to the nonmovant and allow the nonmovant the benefit of all reasonable inferences to be

drawn from the evidence." *Kaus v. Standard Ins. Co.*, 985 F. Supp 1277, 1281 (D. Kan. 1997), *aff'd*,

162 F.3d 1173 (10th Cir. 1998). If there is no genuine issue of material fact in dispute, then a court

must next determine whether the movant is entitled to judgment in its favor as a matter of law. *See,*

*e.g.*, *Jenkins v. Wood*, 81 F.3d 988, 990 (10th Cir. 1996); *Celotex*, 477 U.S. at 322.

## DISCUSSION

### I.    Plaintiff's 42 U.S.C. Section 1983 Claims.

In his complaint, Plaintiff alleges that Defendant Gonzales deprived him of his rights to due

process and equal protection under the law. The procedural mechanism for pursuing these

constitutional claims arises under 42 U.S.C. Section 1983. *See Wilson v. Meeks*, 52 F.3d 1547, 1552

(10th Cir. 1995). Section 1983 provides in relevant part, "Every person who, under color of any

statute, ordinance, regulation, custom, or usage, of any State . . . , subjects, or causes to be subjected,

any citizen of the United States or other person within the jurisdiction thereof to the deprivation of

any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party

injured in an action at law, suit in equity, or other proper proceeding for redress." 42 U.S.C. § 1983.

"To state a claim for relief in an action brought under § 1983, [every plaintiff] must establish

that [he or she was] deprived of a right secured by the Constitution or laws of the United States, and

-4-

that the alleged deprivation was committed under color of state law." *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999).  Defendant Gonzales argues in his motion for summary judgment that he is entitled to judgment as a matter of law in his favor because Plaintiff cannot demonstrate that Defendant Gonzales acted "under color of state law."

The Tenth Circuit has explained that "Section 1983 created a federal cause of action for damages to vindicate alleged violations of federal law committed by individuals acting under color of state law," and "[t]herefore, [that] the only proper defendants in a Section 1983 claim are those who represent [the state] in some capacity, whether they act in accordance with their authority or misuse it." *Jojola v. Chavez*, 55 F.3d 488, 492 (10th Cir. 1995) (citations and internal quotations omitted).  "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *David v. City & County of Denver*, 101 F.3d 1344, 1353 (10th Cir. 1996) (citations and internal quotations omitted), *cert. denied*, 522 U.S. 858 (1997); *see also Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970) (a private actor acts under color of state law when the private actor "is a willful participant in joint activity with the State or its agents"); *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982) (private individuals and entities may be deemed state actors if they have "obtained significant aid from state officials" or if their "conduct is . . . chargeable to the state").

"[I]t is the plaintiff's burden to plead, and ultimately establish, the existence of 'a real nexus' between the defendant's conduct and the defendant's 'badge' of state authority in order to demonstrate action was taken 'under color of state law.'" *Jojola*, 55 F.3d at 494.  Accordingly, to

withstand Defendant Gonzales's motion for summary judgment, Plaintiff must go beyond the pleadings and designate specific facts sufficient to establish that Defendant Gonzales was acting under color of state law. *Cf. McKnight v. Kimberly Clark Corp.*, 149 F.3d 1125, 1128 (10th Cir. 1998) (quotations omitted). Plaintiff has not satisfied his burden. There is no evidence in the record indicating that Defendant Gonzales committed the actions complained of "under color of state law." Specifically, there is no evidence that Defendant Gonzales represented the state in any capacity, *cf. Jojola*, 55 F.3d at 492, that Defendant Gonzales exercised any power possessed by virtue of state law, *cf. David*, 101 F.3d at 1353, that Defendant Gonzales was a wilful participant in any joint activity with the state, *cf. Adickes v. S.H. Kress & Co*., 398 U.S. 144, 152 (1970), that Defendant Gonzales obtained any aid, let alone significant aid, from state officials, *cf. Lugar*, 457 U.S. at 937, or that Defendant Gonzales's conduct otherwise was chargeable to the state in any way, c*f. id*. To the contrary, the record, including the allegations alleged by Plaintiff himself in his complaint, plainly show that Defendant Gonzales was a private individual who acted without any ties to the state. Because there is no evidence in the record that Defendant Gonzales acted "under color of state law," Plaintiff has failed to satisfy his burden in withstanding summary judgment. *Cf. Crawford v. Frasier*, No. 01-3265, 2001 U.S. App. LEXIS 24593, *4-5 (10th Cir. Nov. 15, 2001) ("To the extent plaintiff seeks damages from [defendant] as a private individual and not a person acting under color of state law, no claim for relief can be stated under 42 U.S.C. § 1983.") (citation omitted). Accordingly, the Court grants summary judgment in Defendant Gonzales's favor, and dismisses Plaintiff's Section 1983 claims for violation of the due process and equal protection clauses of the

United States Constitution.[1]

Plaintiff's Response to the Motion for Summary Judgment does not persuade the Court otherwise.  Although Plaintiff maintains that "Defendant certainly was acting under the color of state law," the allegations relevant to this contention indicate that Plaintiff is not referring to Defendant Gonzales but rather to the state district court's decision to file an order prepared by Defendant's attorney in the underlying assault and battery case.  Specifically, Plaintiff claims that the "decision [of that court] was made under the color of state law, violating Plaintiff's civil rights."  Initial Pretrial Report, p. 2, *cited in* Plaintiff's Response to Defendant's Motion for Summary Judgment.  The present action, however, was brought against Defendant Gonzales.  Plaintiff has not raised any facts--or even made any allegations--demonstrating that Defendant Gonzales was a state actor or that he somehow was a participant in the state court's decision thereby rendering him a state actor.[2]

---

[1] On February 4, 2005, almost one and one-half years after Defendant Gonzales filed an answer in this case, Defendant Gonzales filed a motion to dismiss Plaintiff's Section 1983 claims pursuant to Rule 12(b)(6).  As the basis of his motion, Defendant Gonzales argued that the complaint fails to allege facts sufficient to indicate that Defendant Gonzales acted under color of state law.  The Court construes Defendant Gonzales's untimely 12(b)(6) motion as a motion for judgment on the pleadings pursuant to Rule 12(c).  Because the complaint contains no allegations sufficient to indicate that Defendant Gonzales acted "under color of state law," the Court dismisses Plaintiff's Section 1983 claims on this ground as well.

[2] Plaintiff also maintains that Defendant's Motion for Summary Judgment is untimely because the deadline in the Initial Pretrial Report for pretrial motions is July 1, 2004, and Defendant filed his Motion for Summary Judgment on May 12, 2005.  On April 15, 2005, however, this Court asked Defendant to refile his Motion to Dismiss as a Motion for Summary Judgment.  The Court's instruction at the April 15, 2005, hearing supercedes the deadline set by the Court in the Initial Pretrial Report.

**II.     Plaintiff's State Constitutional Claim.**

Having dismissed Plaintiff's federal Constitutional claims, the claims over which the Court had original federal jurisdiction, the Court declines, under 28 U.S.C. Section 1367(c)(3), to exercise supplemental jurisdiction over Plaintiff's remaining state law claim.  *See Pruitt v. Comcast Cable Holdings, LLC*, No. 03-1297, 2004 WL 1226935 (10th Cir. June 3, 2004) (unpublished decision) (holding that the district court's refusal to exercise supplemental jurisdiction over plaintiff's state law contract claims after dismissing all federal claims was "clearly authorized under 28 U.S.C. § 1367(c)(3)"), *cert. denied*, 125 S. Ct. 656 (2004).  Under 28 U.S.C. Section 1367(a), "in any civil action of which the district courts have original jurisdiction, [a] district court[] shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."   A district court, however, "may decline to exercise supplemental jurisdiction . . . if . . . the district court has dismissed all claims over which it has original jurisdiction.  *See* 28 U.S.C. § 1367(c).  The Court, having dismissed Plaintiff's federal Constitutional claims, hereby declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claim.  *Cf. United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966) ("[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law"); *Board of County Comm'rs v. Geringer*, 297 F.3d 1108, 1115 n.6 (10th Cir. 2002) ("district courts should dismiss state claims without prejudice after all federal claims have been dismissed, particularly when the federal claims are dismissed before trial").

**CONCLUSION**

For the reasons stated above, **IT THEREFORE IS ORDERED** that Defendant's Motion for Summary Judgment, filed May 12, 2005 **[Doc. No. 38]** is hereby GRANTED, and Plaintiff's complaint is dismissed in its entirety.

Dated this 23rd day of June 2005.

JUDITH C. HERRERA
UNITED STATES DISTRICT JUDGE

Attorney for Plaintiff:

      Peter Wasko, *pro se*

Attorney for Defendant:

      Edward F. Benavidez, Esq.